IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| LARON DAWN, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 14-04104-CV-C-NKL |
| HVM L.L.C., d/b/a EXTENDED STAY AMERICA, | ) | |
| Defendant. | ) | |

**SCHEDULING AND JURY TRIAL ORDER**

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, and upon consideration of the parties' proposed scheduling order and arguments, a schedule is hereby established.

***A. TRIAL SETTING:***

1. This case is set for trial on the jury docket commencing at 9:00 a.m. on August 24, 2015, in Courtroom 4A, United States District Court, 80 Lafayette Street, Jefferson City, Missouri. This is a two week docket and the case may be tried at any time between August 24, 2015 and September 4, 2015. The list of cases to be tried will be sent to the parties approximately six - eight weeks in advance of that docket. The parties shall stay in touch with my courtroom deputy, Renea Matthes (816-512-5689) to determine when their case will be reached for trial.

2. Unless requested within fourteen (14) days from the date of this Order, no continuance of the trial date or the pretrial conference date will be given except upon written notice and for exceptional cause.

***B. PLEADINGS:***

1. Any motion to join additional parties will be filed on or before **July 25, 2014**.

2. Any motion to amend the pleadings will be filed on or before **July 25, 2014**.

***C. PROPOSED ORDERS*:** A proposed order shall be emailed to the Court at the time a motion is filed on CM/ECF. The proposed order shall be emailed to *Alana_Barragan-Scott@mow.uscourts.gov,* in Word format. Failure to submit a proposed order to the Court may delay the motion being ruled.

***D. MOTION FOR CLASS CERTIFICATION:*** Any motion for class certification will be filed on or before September 25, 2014.

***E. CLASS CERTIFICATION DISCOVERY:***

1. Absent extraordinary circumstances, all class discovery disputes will be presented to the Court on or before August 12, 2014. *See* Local Rule 37.1 for procedures that must be followed before filing a discovery motion. The Court will not entertain any discovery motion absent full compliance with Local Rule 37.1. Any discovery motion filed without complying with Local Rule 37.1 will be denied. In the event that a teleconference is needed, my courtroom deputy may be reached at (816) 512-5689. All teleconference requests should be directed to her. Each party to the dispute shall fax a description of the discovery dispute, **not to exceed one page in length**, to the Court at (573) 636-5108, and to opposing counsel at least 24 hours before the teleconference.

2. Class certification expert designations and depositions will be as follows:

a. On or before July 29, 2014, Plaintiffs will designate any class certification expert witnesses and produce their report(s).

b. On or before August 12, 2014, Defendants will designate any class certification expert witnesses and produce their report(s).

c. On or before August 26, 2014, all depositions of class certification expert witnesses will be completed.

3. All class discovery will be completed on or before August 26, 2014. This means that all discovery disputes must be resolved and all depositions taken prior to the date specified in this paragraph.

***F.*** ***<u>DISCOVERY ON THE MERITS:</u>***

1. Absent extraordinary circumstances, all discovery motions will be filed on or before <u>November 12, 2014</u>. *See* Local Rule 37.1 for procedures that must be followed before filing a discovery motion. The Court will not entertain any discovery motion absent full compliance with Local Rule 37.1. Any discovery motion filed without complying with Local Rule 37.1 will be denied. In the event that a teleconference is needed, my courtroom deputy may be reached at (816) 512-5689. All teleconference requests should be directed to her. Each party to the dispute shall fax a description of the discovery dispute, **<u>not to exceed one page in length</u>**, to the Court at (573) 636-5108, and to opposing counsel at least 24 hours before the teleconference.

2. Expert designations and depositions will be as follows:

a. On or before <u>October 14, 2014</u>, the Plaintiff will designate any expert witnesses it intends to call at trial. This includes any person who may present evidence under Rules 702, 703, or 705 of the Federal Rules of Civil Procedure.

b. On or before <u>November 12, 2014</u>, the Defendant will designate any expert witnesses it intends to call at trial. This includes any person who may present evidence under Rules 702, 703, or 705 of the Federal Rules of Civil Procedure.

c. On or before <u>December 12, 2014</u>, all depositions of expert witnesses will be completed.

3. All pretrial discovery authorized by the Federal Rules of Civil Procedure will be completed on or before <u>December 12, 2014</u>. This means that <u>all discovery disputes must be resolved</u> and <u>all depositions taken</u> prior to the date specified in this paragraph.

***G.*** ***<u>DISPOSITIVE MOTIONS</u>***

All dispositive motions, except those under Rule 12(h)(2) or (3), will be filed on or before <u>January 6, 2015</u>. All summary judgment motions will comply with Local Rule 56.1. The Court will treat all Daubert motions as dispositive motions for purposes of this paragraph.

***H.*** ***<u>EXTENSION OF TIME:</u>***

1. All motions for extension of time pursuant to Rule 6(b) or Rules 31, 33, 34 and 36 must state:

a. The date when the pleading, response or other action is/was first due;

b. The number of previous extensions and the date the last extension expires;

c. The cause for the requested extension, including a statement as to why the action due has not been completed in the allotted time; and

d. Whether the requested extension is approved or opposed by opposing counsel (agreement by counsel of a requested extension is not binding on the Court).

2. Unless requested within fourteen (14) days from the date of this Order, no continuance of the trial date or the pretrial conference date will be given except upon written notice and for exceptional cause.

***I. PRETRIAL CONFERENCES:***

1. An initial pretrial conference in this case will be held on August 18, 2015, at 11:00 a.m., in Judge Laughrey's chambers, 80 Lafayette, Jefferson City, Missouri 65101. Lead trial counsel will participate in this conference. Prior to the initial pretrial conference, counsel for all parties shall meet, prepare and sign a Memo on Pretrial Conference in the form attached. The Memo on Pretrial Conference must be filed electronically by 5:00 p.m. on August 10, 2015. All parties are responsible for the preparation of the Memo on Pretrial Conference and shall jointly complete this Memo.

2. A final pretrial conference will be held one-half (½) hour before the trial in Judge Laughrey's chambers, 80 Lafayette, Jefferson City, Missouri.

***J. WITNESS LIST:***. If a witness is not listed by a party in the Memo on Pretrial Conference, that witness will not be permitted to testify absent leave of Court and then only for the purpose of unanticipated rebuttal or unanticipated impeachment.

***K. EXHIBITS***: The parties shall provide to the courtroom deputy, the morning of trial, an Exhibit Index, with said index being prepared on a form provided by the Clerk's Office.

1. ***Exhibit List:*** Except by leave of Court for good cause, no exhibit will be received in evidence which is not listed in the Memo on Pretrial Conference.

2. ***Marking:*** Plaintiff and Defendant shall use numbers, designating who is offering the exhibit (P1 for Plaintiff's Exhibit 1, D1 for Defendant's Exhibit 1, J1 for Joint Exhibits, etc.). Each item, i.e., each photograph, each document, must have its own exhibit number. All exhibits shall be marked by the parties prior to trial.

3. ***Copy of exhibits for Court.*** At the time an exhibit is used during trial, the party who first uses the exhibit must provide a copy of the exhibit to the Courts.

***L. REQUESTED VOIR DIRE QUESTIONS***: Requested voir dire questions are to be filed at the time of the initial pretrial conference. A courtesy copy of the proposed voir dire questions shall be e-mailed to my assistant at *Alana-Barragan-Scott@mow.uscourts.gov* (in Word format).

***M. JURY STATEMENT***: The parties are directed to agree upon a statement to be read to the jury setting forth the background of this case and the claims being asserted. This statement will be read to the jury panel prior to the voir dire. The jury statement must be filed electronically and shall be e-mailed to my assistant at *Alana_Barragan-Scott@mow.uscourts.gov* (in Word format).

***N. INSTRUCTIONS:***

1. ***Requested Jury Instructions***: Proposed jury instructions shall be submitted at the time of the initial pretrial conference in the following form:

a. **The parties shall meet (by telephone or in person) and confer to assist in filing an agreed upon, single, unified (meaning one) set of proposed jury instructions.** Agreed upon instructions shall include the following notation at the bottom of the proposed instructions: "This proposed instruction is agreed upon by the parties." If a party proposes an

instruction that is not agreed upon, the proposed instruction shall indicate which party is proffering the instruction. Proposed instructions by opposing parties on the same subject matter shall be grouped together. (For example, if each party proposed a different preponderance of the evidence instruction, Instruction No. 10A would be the Plaintiff's proffered preponderance of the evidence instruction and Instruction No. 10B would be the Defendants' proffered preponderance of the evidence instruction.) Each instruction shall be numbered individually and each instruction shall begin on a separate sheet of paper.

b. At the bottom of each instruction, the party advancing the instruction shall set forth the citation of the patterned instruction, decision, statute, regulation or other authorities supporting the proposition stated in the proposed instruction.

c. Any modification of a pattern instruction shall be disclosed.

d. Plaintiff's counsel shall be responsible for initiating the instruction meeting with defense counsel, for making arrangements to obtain defense counsel's proposed instructions should the parties not agree, and for filing the unified set of proposed instructions at the initial pretrial conference. A courtesy copy of the instructions shall be e-mailed to my assistant at *Alana_Barragan-Scott @mow.uscourts.gov* (in Word format).

e. Instructions not requested as set forth above and not filed at the time of the initial pretrial conference shall be deemed to have been not properly requested within the meaning of Fed. R. Civ. P. 51, ***and shall be deemed waived*** unless the subject of the request is one arising in the course of trial which could not reasonably have been anticipated prior to trial from the pleadings, discovery or nature of the case.

***O.*** ***MOTIONS IN LIMINE***: Motions in limine must be filed at least ***ten (10) days*** prior to the initial pretrial conference. Responses to any motions in limine must be filed at least ***five (5) days*** prior to the initial pretrial conference. The parties shall file all motions in limine in a single document on ECF, designating separate evidentiary issues by

numbered headings within that document; response or reply briefs shall be filed in a single document on ECF and correspond to the numbered headings in the opening brief

***P.*** ***SETTLEMENT DEADLINE***: Unless otherwise ordered, the court hereby imposes a settlement deadline of ***12:00 Noon on day before trial***. If the case is settled after that date, the court may enter an order to show cause why certain costs should not be imposed on the party or parties causing the delay in settlement.

**IT IS SO ORDERED.**

s/ NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
UNITED STATES DISTRICT JUDGE

Dated: June 25, 2014